### MANUFRS.' ACCIDENT INDEMNITY CO. v. JOHN B. FLETCHER.

1. FAILURE TO GIVE NOTICE EXCUSED IF INSURED WAS IN DELIRIUM.

The condition contained in an accident indemnity policy, that the insured shall give notice within ten days from the date of the accident, and that failure so to do shall invalidate all claim under said policy, is excused when the insured during said time is in a state of delirium.

2. DUE DILIGENCE OF NOTICE IS QUESTION FOR JURY.

Immediate notice of the accident is in time, if given with due diligence in view of all the circumstances, which is a question of fact for the jury.

3. REFUSAL OF COMPANY TO FURNISH LOSS BLANKS IS WAIVER OF PROOFS

If the company refuse blanks on which to make formal proofs of loss, which blanks the policy promises to furnish, the proofs are waived.

Error to the Court of Common Pleas of Hardin county.

SENEY, J.

On February 3, 1890, the Manufacturers' Accident Indemnity Co. executed and delivered to the said John B. Fletcher its certificate or policy of accident indemnity, whereby the said company indemnified the said Fletcher against loss of time not exceeding $25.00 per week for any bodily injuries which should, independently of all other cause, immediately and wholly disable and prevent the said Fletcher from the prosecution of his business as a merchant tailor.

On December 20, 1890, while said certificate or policy was in full force, the said Fletcher sustained an injury to one of his eyes that totally disabled him, and prevented him from prosecuting his said business for a period of seven weeks.

That for several weeks immediately succeeding said December 20th, said Fletcher, by reason of said injury, was delirious and kept under the influence of opiates, and was not capable of attending to any business until February 14, 1891.

That on February 14, 1891, the said Fletcher notified said company of the injury sustained by him as aforesaid, which was the first and only notice received by said company of said injury from any source.

That on February 20, 1891, the said Fletcher made application to said company for proper blanks to make formal proof of loss. The company refused to send the blanks, and denied all liability upon said certificate or policy of indemnity.

A part of the conditions contained in said certificate or policy is as follows:

"In the event of an accident or injury, for which or from which, directly or indirectly, any claim may be made under this certificate, either for weekly indemnity or loss of limb or limbs, or loss of both eyes, or for the death benefit, immediate notice shall be given in writing, signed by the member or his attending physician, or in case of death by the beneficiary, addressed to the secretary of the company at Geneva, N. Y., stating the full particulars as to when and where and how it occurred, and the occupation of the member at the time, and his address; and failure to give such immediate notice, mailed within ten days of the happening of such accident, shall invalidate all claim under this certificate.

"And unless direct and affirmative proof of the same, and of the death or duration of total disability shall be furnished the company on the blanks furnished by the company, etc., within one month from the termination of the period of total disability, etc., then all claim under this certificate shall be waived and forfeited to the company"

Upon this state of facts, the question whether the company is liable to Fletcher for the injury sustained by him, is presented to this court by a petition in error alleging that the court below erred in admitting certain evidence, and in its charge to the jury.

It will be noticed by the condition of this certificate or policy that two kinds of proof are required: first, preliminary proof, that is, notice of the accident; and second, formal proof, that is, proof when the disability is at an end.

By the condition of the policy the preliminary proof shall be given in writing, signed by the member or his attending physician immediately, or in case of death by the beneficiary; and failure to give such proof or notice within ten days shall invalidate all claim under this certificate.

In the case before us, a strict construction of the condition would require that only one of two persons can give the notice, viz: Fletcher, or his attending physician. Who should have given the notice—Fletcher or the attending physician? Evidently Fletcher, or, through his procurance or direction, his physician. The physician had no interest in the policy—may not have known of its existence, so that in the contemplation of these contracting parties at the time the contract was entered into, they could not have had in mind other than that Fletcher should give the notice, or procure his physician to do it for him.

If Fletcher was to act or direct within ten days from the accident, he must be in a sound condition of mind; otherwise the law would not hold him accountable for his act or direction, or failure to act. But during the ten days he was delirious, hence not of sound mind.

It is not a case of a person of unsound mind failing to pay or cause to be paid premiums on insurance. In that case the risk is only carried by the insurance company on the paying of the premiums. In the case before us, upon the happening of the accident, the liability for the risk has accrued, and the notice fixes the extent of the liability.

May on Insurance, vol. 2, page 1072, sec. 465, says: "A failure to forward any proofs at all within the required time will be fatal, although the circumstances were such as where the insured in an accident policy, met with an instantaneous death, and no survivor knew of the existence of the policy, that it was impossible that notice could be given. The court said that this was not a case where the notice was rendered impossible by the act of God, for the insured might have provided for the contingency by informing some one of the existence of the policy. This certainly is applying the rule with great strictness, and seems hardly consistent with the recent decision in the supreme court of the United States, where it is held that if the insured be insane at the time when it becomes necessary to furnish his preliminary proof, that will excuse the non-performance of that requirement."

In the case of Germania Fire Ins. Co. v. Boykin, 12 Wall., 434, the supreme court of the United States say:

"If the insured was so insane as to be incapable of making an intelligent statement, this would of itself excuse that condition of the policy, viz.: furnishing proof of loss within a

certain time. In this case the insured made an affidavit in which, after giving the particulars of the loss, he proceeded further to state that he believed the building had been set on fire by an incendiary; that he had heard of repeated threats of a person whom he named that he would burn the premises, and that it was in consequence of these threats that he had procured the insurance which he was then seeking to recover "

Justice Miller, who delivered the opinion of the court in this case, said:

"Based on the facts of the case, the defendants at the trial asked instructions, the substance of which is condensed in the proposition that they had a right to proof of loss by an intelligent being, and if plaintiff was insane, no such proof had been given; and if he were sane, then his affidavit showed such fraud as should defeat recovery. The last of these propositions is not denied, but was not asked as an independent instruction But the first is too repugnant to justice and humanity to merit serious consideration There are two obvious answers to it. First, the affidavit, whether of an insane man or not, is sufficient in the information which it conveys of the time, the nature and the amount of the loss Second, if he was so insane as to be incapable of making an intelligent statement, this would of itself excuse that condition of the policy "

So we hold that the condition of Mr. Fletcher's mind within ten days from the date of the accident was such that he was excused from that condition of the policy.

That brings us to that condition of the policy that immediate notice should be given of the accident. The words "immediate" notice in insurance policies have received judicial construction.

Wood on Insurance, page 695, sec. 414, says: "Notice of loss, when required to be given 'forthwith,' 'immediately,' etc., is in time if given with due diligence in view of all the circumstances." This section has reference to fire insurance, but the same is applicable to accident insurance.

Judge May, in his work on Insurance, treating the subject of accident insurance, and found in the second volume of "May on Insurance," sec. 536, says: "The general rules heretofore stated as to preliminary proof in other branches of insurance are also applicable here." .

So it will be seen that what is due diligence in view of all the circumstances is a question of fact to be determined by the jury in each particular case. In the case before us, taking in consideration the condition of Mr. Fletcher, both physically and mentally, we cannot say that the jury were not justified in finding that immediate notice of the accident was given.

As to the formal proofs of loss after the disability had terminated, the condition of the policy provided that the company would furnish blanks for that purpose. This the company refused to do. By so doing this condition of the policy was waived by the company.

Again, the company absolutely refused to pay, claiming it was not liable upon the policy. This was also a waiver of this condition of the policy. The formal proofs are for the purpose of enabling the company to ascertain their correctness and the extent of its liability. In view of its absolute refusal to pay because it claimed to be not liable, formal proofs of loss, if furnished, would not have availed anything.

Insurance companies should be for some other purpose than for revenue only.

For these reasons the judgment will be affirmed, with costs, but without penalty.

Beer and Moore, JJ., concur.

Meeham & Mahone, for plaintiffs in error.

F. C. & J. W. Daugherty, for defendants in error.